UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. ____3:20-cv-00977_____

PHYLLIS N. WILLIAMS-YOUNG,

    Plaintiff,

v.

COAST PROFESSIONAL, INC.,

    Defendant.
_____/

## COMPLAINT

NOW COMES Plaintiff, PHYLLIS N. WILLIAMS-YOUNG, through undersigned counsel, complaining of Defendant, COAST PROFESSIONAL, INC., as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*,

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. PHYLLIS N. WILLIAMS-YOUNG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. COAST PROFESSIONAL, INC., ("Defendant") is a corporation organized and existing under the laws of New York.

7. Defendant has its principal place of business at 4237 Volunteer Road, Geneseo, NY 14454.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff decided to attend Alabama State University and incurred personal debt with this University.

11. Due to unforeseen financial difficulties, Plaintiff was unable to stay current on her payment ("subject debt").

12. Plaintiff's subject debt was assigned to Defendant for collection.

13. Plaintiff's alleged $9,132.88 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Plaintiff received a collection letter from Defendant dated August 04, 2020 ("the letter").

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The letter stated, in part:

> \* This collection agency fee is not due until the time of payment and the amount of the fee may decrease at the time of payment depending on the amount that is ultimately paid.

```
Account Number: 3248219
RE: ALABAMA STATE
UNIVERSITY/PERKINS 2ND
Principal:        $2,700.00
Interest:         $3,948.50
Other Interest:   $18.50
Other Fee:        $0.00
*Collection Fee:  $2,465.88
Misc Fees:        $0.00
Balance Due:      $9,132.88
```

17. Defendant's letter caused enough confusion and uncertainty to lead Plaintiff to question where Plaintiff would incur additional charges if she did not pay the debt.

18. The itemization of "other interest," "other fee," "*collection fee," and "misc fees," suggests to the unsophisticated consumer that such "other interest," "other fee," "*collection fee," and "misc fees" may be added to the subject debt in the future.

19. However, Defendant could not add any "other interest," "other fee," "*collection fee," or "misc fees" based on the nature of the circumstances surrounding the gap of time between the subject debt and when it was assigned for collection.

20. Similarly, Defendant could not, and did not intend to, add any "other interest," "other fee," "*collection fee," or "misc fees".

21. Additionally, Defendant's letter caused enough confusion regarding the statement "the collection agency fee is not due until the time of payment and the amount of the fee may decrease at the time of payment depending on the amount that is ultimately paid".

22. Plaintiff was confused as to how the fee would decrease if she did not make an immediate payment.

23. Defendant's collection letter created confusion and uncertainty regarding the true amount owed on the subject debt.

3

## DAMAGES

24.     Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

25.     Accordingly, Plaintiff is forced to expend energy/time consulting with attorneys to file this action.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### Violation(s) of 15 U.S.C. § 1692e

26.     Paragraphs 10 through 25 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.

(2)     The false representation of –

(A)     the character, amount, or legal status of any debt;

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken; and

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), e(5) and e(10).

28.     The collection letter created confusion as to what the true amount Plaintiff would be responsible to pay and thus violating 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

29.     As pled above, Defendant's letter caused enough confusion and uncertainty to lead Plaintiff to question where Plaintiff would incur additional charges if she did not pay the debt.

30. The itemization of "other interest", "other fee", "*collection fee," and "misc fees" suggests to the unsophisticated consumer that such "other interest," "other fee," "*collection fee," and "misc fees" may be added to the subject debt in the future.

31. However, Defendant could not add any "other interest," "other fee," "*collection fee," or "misc fees" based on the nature of the circumstances surrounding the gap of time between the subject debt and when it was assigned for collection.

32. Similarly, Defendant could not, and did not intend to, add any "other interest," "other fee," "*collection fee," or "misc fees".

33. Additionally, Defendant's letter caused enough confusion regarding the statement "the collection agency fee is not due until the time of payment and the amount of the fee may decrease at the time of payment depending on the amount that is ultimately paid."

34. Plaintiff was confused as to how the fee would decrease if she did not make an immediate payment.

35. Defendant's collection letter created confusion and uncertainty regarding the true amount owed on the subject debt.

36. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury.

DATED: August 31, 2020           Respectfully submitted,

**PHYLLIS N. WILLIAMS-YOUNG**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com